## Commonwealth ex rel. Dote v. Burke, Warden

*Carlon M. O'Malley,* for Commonwealth.

*Alphonse Dote, p. p.*

ROBINSON, P. J., October 26, 1951.—Relator petitioned for a writ of habeas corpus designed to secure his release from the new Eastern State Penitentiary at Graterford, Montgomery County, in this Commonwealth. The District Attorney of Lackawanna County filed an answer to the petition and relator in turn filed a "traverse" to the Commonwealth's pleading. The facts are sufficiently established by the pleadings to permit disposal of the application.

Petitioner's allegations are to the effect that he was unlawfully sentenced, by the Court of Oyer and Terminer of Lackawanna County, October term, 1949, no. 1, to an indeterminate term of imprisonment in the Eastern State Penitentiary, the maximum of which is six years and the minimum three years. In what respect the sentence or conviction was unlawful does not appear. Petitioner also states that during his imprisonment he was removed from the institution on May 27, 1950, taken to New York State and returned to the prison on June 7, 1950.

It appears from the uncontradicted allegations of the Commonwealth's answer that relator was taken to Rochester, N. Y., by virtue of a writ of habeas corpus ad testificandum issued by the United States District Court for the Western District of New York, which writ was directed to the warden of the Eastern State Penitentiary at Philadelphia and honored by that officer. Relator's presence was required in a hearing before that court and the United States marshal's return to the writ shows the production of relator and

his subsequent return to the penitentiary. No matter of extradition was involved and no right, constitutional or otherwise, of relator was violated.

This is the fourth application for a writ of habeas corpus filed by this relator in the course of a year. Three other applications were filed in the Court of Common Pleas of Montgomery County, the situs of relator's confinement, and the matters here raised by relator were disposed of by that court. No doubt, the present petition was inspired by the Act of May 25, 1951, P. L. 415, 12 PS §1901, which transferred jurisdiction in petitions of this nature from the county in which relator is confined to the courts in the judicial district of relator's conviction. This statute, however, is purely jurisdictional in nature and is not to be construed to permit an application for a writ of habeas corpus in the judicial district of relator's conviction where on the same grounds a petition had been denied by the courts in the county of relator's confinement.

On June 22, 1951, the Court of Common Pleas of Montgomery County, to September term, 1950, no. 12, denied relator's petition and discharged a writ of habeas corpus, in an opinion by Judge Knight which concluded as follows:

". . . on this record before us, none of his constitutional rights have been violated, at least in reference to his present confinement. He has devoted much time and considerable ingenuity in going over this record with a fine tooth comb, in the hope of finding some technical error which would permit him to escape the just penalty for his crime. In our opinion, no such error exists."

The same matters, here raised by relator, were there involved and adjudicated. No appeal was taken from the decision of Judge Knight.

Now, October 26, 1951, the petition for a writ of habeas corpus is dismissed.